IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00308-MOC-WCM

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE, )<br>*Subscriber assigned IP address* )<br>*75.131.173.136,* )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's "Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" (the "Motion," Doc. 5).

## I. Background

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") alleges copyright infringement by John Doe, an unnamed defendant. Doc. 1. By the Motion, Plaintiff requests leave to serve an early subpoena on one or more Internet Service Providers ("ISPs") that provided Internet service to Defendant through Internet Protocol ("IP") address 75.131.173.136 to learn Defendant's identity. Doc. 5. Plaintiff's Complaint identifies the ISP as Spectrum. Doc. 1 at ¶ 5.

## II. Discussion

In general, "[a] party may not seek discovery from any source before the

1

parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1); see also LCvR 16.1(f). Courts have applied a reasonableness or good cause standard when considering a request for discovery prior to the Rule 26(f) conference. Dimension Data N. Am., Inc. v. Netstar-1, 226 F.R.D. 528, 531 (E.D.N.C. 2005); Teamworks Innovations, Inc. v. Starbucks Corp., No. 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (applying good cause/reasonableness standard) (citing 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Aug. 2019 Update)). Good cause to grant leave for limited pre-conference discovery has been found where plaintiffs assert claims of copyright enforcement against defendants known only by IP addresses. Arista Recs. LLC v. Does 1–19, 551 F. Supp. 2d 1, 7 (D.D.C. 2008); LaFace Recs., LLC v. Does 1–5, No. 2:07-CV-187, 2007 WL 2867351, at *1 (W.D. Mich. Sept. 27, 2007) (collecting cases).

The "well-established" test for determining whether a plaintiff's request is permissible under these circumstances consists of five factors: "(1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information; and (5) the party's expectation of privacy." LHF Prods., Inc. v. Does 1–5, No. 1:17-CV-00151-MR, 2017 WL 2960789, at *1 (W.D.N.C. July 11, 2017) (quoting

2

Sony Music Ent. v. Does 1–40, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004) and citing Arista Recs., LLC v. Doe 3, 604 F.3d 110 (2nd Cir. 2010) (upholding application of the Sony factors as "an appropriate general standard for determining whether a motion to quash, to preserve the objecting party's anonymity, should be granted" in anonymous defendant's appeal in copyright infringement case). Here, all five factors weigh in favor of allowing Plaintiff to issue a Rule 45 subpoena prior to a Rule 26(f) conference.

Copyright infringement occurs when a person "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). "Therefore, the two elements of an infringement claim are: (1) ownership of a valid copyright; and (2) encroachment upon one of the exclusive rights afforded by the copyright." LHF Prods., 2017 WL 2960789, at *2 (quoting Elektra Ent. Grp., Inc. v. Doe, No. 5:08-cv-1159-FL, 2008 WL 5111886, at *2 (E.D.N.C. Dec. 4, 2008) (citing Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 571 (4th Cir. 1994)). Plaintiff has made a concrete showing of a *prima facie* claim of actionable harm based on allegations included in the Complaint as to copyright infringement. Doc. 1. Plaintiff has identified 83 distinct, copyrighted works that Defendant allegedly downloaded and distributed through a BitTorrent program. Doc. 1 at ¶ 4; Doc. 1-1 (Ex. A).

A request for the name and address corresponding to an individual IP address under these circumstances is sufficiently specific to satisfy the second

3

factor. See Rotten Recs., Inc. v. Doe, 108 F. Supp. 3d 132, 134 (W.D.N.Y. 2015).

Plaintiff also has shown that there is a lack of alternative means to obtain the information needed to identify Defendant and maintains that Defendant's "name and address can be provided by Defendant's Internet Service Provider." Doc. 1 at ¶ 12. Therefore, the request satisfies the third factor.

Defendant's name and address are centrally necessary to advance Plaintiff's copyright infringement claims. Plaintiff cannot identify Defendant and serve process on him or her without the information that Plaintiff seeks through this request. Therefore, the request satisfies the fourth factor.

Finally, consideration of Defendant's expectation of privacy also supports disclosure. Courts "have universally held an unknown defendant's 'expectation of privacy for sharing copyrighted [materials] through an online file-sharing network are simply insufficient to permit him to avoid having to defend against a claim of copyright infringement.'" LHF Prods., Inc., 2017 WL 2960789 at *2 (quoting Arista Recs., 604 F.3d 110, 124 (2d Cir. 2010) and citing Virgin Records Am., Inc. v. Doe, No. 5:08-CV-389-D, 2009 WL 700207, at *3 (E.D.N.C. Mar. 16, 2009)). Accordingly, any minimal expectation of privacy of Defendant is insufficient under the circumstances to shield Defendant's identity.

Therefore, all five factors weigh in favor of allowing Plaintiff to conduct

pre-Rule 26(f) conference discovery by service of a Rule 45 subpoena along with this Order on Defendant's ISP.

   IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 5) is **GRANTED.**

2. Plaintiff is permitted to serve a subpoena under Federal Rule of Civil Procedure 45 to Spectrum (hereinafter the "ISP") in order to determine the name and address of the person to whom the ISP has assigned the IP address 75.131.173.136 ("Customer"). Plaintiff shall attach a copy of this Order to the subpoena. The ISP may provide a copy of the subpoena and this Order to Customer. Customer (or Defendant) may timely file with this Court a motion to quash or for other relief as permitted by Rule 45 of Federal Rules of Civil Procedure. If Customer (or Defendant) files a motion to quash or for other relief, the ISP shall preserve the requested information, but shall not send the requested information to Plaintiff until the Court resolves the motion.

3. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls

5

> > or is responsible for, through any arrangement, the management and operation of such a cable system;
>
> it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:
>
> > A cable operator may disclose such [personal identifying] information if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed …
>
> by sending a copy of this Order to Customer (or Defendant).

4. Any information disclosed to Plaintiff in response to the subject subpoena may be used solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint. All information obtained in response to this Order and Plaintiff's subpoena shall only be used in this litigation (1:24-cv-00308-MOC-WCM), and not in any other litigation, including related cases filed in this District, or for any other purpose.

5. The public dissemination of any material received in response to the subpoena shall be prohibited.

6. Except as necessary to comply with the provisions above, Plaintiff and the ISP receiving this Order shall not file in this case, or otherwise publish, disseminate, or disclose in any other manner, the name(s) of Customer (or Defendant), without first seeking and being granted leave of Court to do so.

Signed: January 16, 2025

W. Carleton Metcalf
United States Magistrate Judge